UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES TAMFU,

    Plaintiff,

v.                                        Case No:  8:21-cv-2555-WFJ-AAS

JESSICA MARTIN and
MONIKA NAGY

    Defendants.
_____/

## ORDER

Plaintiff Charles Tamfu sues Officers Jessica Martin and Monika Nagy of the Tampa Police Department under 42 U.S.C. § 1983.  (Doc. 1)  Mr. Tamfu proceeds *pro se*, and an earlier order granted him leave to proceed *in forma pauperis.*  (Doc. 3)

Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The complaint is entitled to a generous interpretation.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Mr. Tamfu alleges (Doc. 1 at 5):

> When I was being arrested by both defendants, I asked them to secure my property which was visible nearby, but they refused.  Instead, they laughed and said it would be there when I got out of jail.  I was homeless at the time.

He claims that the Officers violated his Fourteenth Amendment right not to be deprived of his personal property without due process or compensation. (*Id.* at 3) Also, he urges the Court to exercise supplemental jurisdiction to consider state tort claims of negligence and intentional infliction of emotional distress. (*Id.* at 4) As a remedy, Mr. Tamfu seeks actual damages in the amount of $11,000.00 to replace his lost property and punitive damages in the amount of $33,000.00. (*Id.* at 5)

Mr. Tamfu fails to state a claim that he can pursue in a civil rights action. "[T]he Due Process Clause simply is not implicated by a *negligent* act of an official causing unintended loss of . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). And, "intentional deprivations [of property] do[] not violate the [Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mr. Tamfu alleges that Officers Martin and Nagy acted unlawfully when they failed to secure his personal property after his arrest. Even if, as suggested, this act was intentional, Mr. Tamfu has an adequate post-deprivation remedy under state law. Under Florida law, he can sue the individual responsible for conversion of his personal property. *See Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (affirming the dismissal of a prisoner's destruction of property claim against prison officials because the prisoner could sue the officials for conversion).

Also, to the extent this action is based on the Officers' alleged laughter, such conduct does not rise to the level of a constitutional violation. *See Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding that "verbal abuse alone

is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); *Munera v. Metro West Detention Ctr.*, 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"). Mr. Tamfu's allegation that the Officers laughed at him states no actionable Section 1983 claim.

Dismissal with leave to amend is not appropriate here because an amendment would prove futile. Mr. Tamfu can state no valid Section 1983 claim against the Officers for loss of personal property without due process or compensation. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where amendment would be futile.").

Accordingly, Mr. Tamfu's claim that the Officers violated his Fourteenth Amendment right not to be deprived of his personal property without due process or compensation is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e) for failing to state a claim on which relief may be granted. Also, to the extent Mr. Tamfu intended to assert claims for negligence and intentional infliction of emotional distress under Florida law, the Court declines to exercise supplemental jurisdiction over those claims, and they are **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. §

1367(c)(3) (A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction").  The **CLERK** must enter a judgment of dismissal against Mr. Tamfu and **CLOSE** this case.

      **DONE and ORDERED** in Tampa, Florida on June 30, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party